**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDWARD ALEXANDER LAPOTSKY, <br> 30 Limekiln Drive <br> Annville, PA 17003 <br><br> *Plaintiff* <br><br> v. <br><br> RYAN MCCARTHY, SECRETARY <br> U.S. DEPARTMENT OF ARMY, <br> 1500 Defense Pentagon, <br> Washington, DC 20310 <br><br> *Defendant* | Civil Action No. 1:20-cv-93 |

**COMPLAINT**

Plaintiff Edward Alexander Lapotsky ("Mr. Lapotsky" or "Plaintiff") through his attorneys, Clark Law Group, PLLC hereby alleges as follows:

**NATURE OF ACTION**

1. This is a challenge to Defendant Department of Army's ("Defendant") race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

**JURISDICTION AND VENUE**

2. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

3. This Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and Plaintiff seeks redress for violations of civil rights.

4. This Court may properly maintain personal jurisdiction over Defendant conducts business in the jurisdiction.

5. Venue is appropriate because Defendant's principle office is located in the jurisdiction.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

7. On December 15, 2015, Plaintiff contacted an EEO counselor.

8. On January 20, 2016, Plaintiff submitted his formal complaint.

9. On October 16, 2019, Plaintiff received the decision by the U.S. Equal Employment Opportunity Commission upholding the Defendant's Final Agency Decision on Plaintiff's claims.

10. Plaintiff has filed this Complaint within ninety (90) days of receipt of the U.S. Equal Employment Opportunity Commission's decision.

11. Accordingly, Plaintiff has administratively exhausted and timely filed his claim against Defendant.

## PARTIES

12. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

13. Plaintiff is a resident of Pennsylvania.

14. Defendant is a federal agency with is principle office in District of Columbia.

## FACTUAL ALLEGATIONS

15. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

16. Mr. Lapotsky was born with dual German American citizenship.

17. In June 2015, Mr. Lapotsky applied for the position of Traffic Management Specialist at Defendant's 21st Theater Sustainment Command located in Kaiserslautern, Germany.

18. On or around September 1, 2015, Defendant offered Mr. Lapotsky the position of Traffic Management Specialist.

19. In or around mid-October 2015, Mr. Lapotsky formally renounced his German citizenship.

20. On or around October 2015, Defendant instructed Mr. Lapotsky provide documentation that he was no longer a German citizen, which Mr. Lapotsky subsequently provided.

21. On November 17, 2015, Defendant informed Mr. Lapotsky that his job offer was rescinded, which he later learned was because of the Agency claimed he was an "ordinary resident" of Germany.

22. Defendant informed Mr. Lapotsky that, due to his citizenship status, he was allegedly an "ordinary resident" of Germany and thus supposedly not eligible for the position pursuant to Supplement 1 to AR 690-300.301 subchapter 5.

23. Mr. Lapotsky was not an "ordinary resident" of Germany when he applied for and accepted the position of Traffic Management Specialist.

24. Defendant's determination that Mr. Lapotsky was an "ordinary resident" of Germany was not a legitimate reason for rescinding Mr. Lapotsky's job offer.

25. Defendant's determination that Mr. Lapotsky was an "ordinary resident" of Germany was the result of a practice or policy which discriminates against individuals with dual German American citizenship.


26. Supplement 1 to AR 690-300.301 subchapter 5 does not apply to individuals with dual German American citizenship.

27. Defendant's determination that Mr. Lapotsky was an "ordinary resident" of Germany was based on assumptions that all individuals with dual German American citizenship automatically lost their German citizenship when they join the U.S. military.

28. Defendant's assumption is incorrect and results in a discriminatory policy against all individuals born with dual German American citizenship.

29. Mr. Lapotsky affirmatively acted and affirmed that he retained his German citizenship after first joining the U.S. Army in November 2010.

30. Mr. Lapotsky presented evidence of his then present German citizenship to Defendant, who discarded the evidence provided.

31. Additionally, Mr. Lapotsky was on active duty status with the U.S. Army through in or around September 21, 2015.

32. Therefore, Mr. Lapotsky was not residing in Germany for a year without affiliation with the U.S. military so as to be considered an "ordinary resident."

## COUNT I: FAILURE TO HIRE

33. All of the allegations contained in the foregoing paragraphs of this complaint are incorporated by reference herein as if the same were set forth at length.

34. Mr. Lapotsky is a German American of dual German and American national origin.

35. In September 2015, Mr. Lapotsky was offered and accepted the position of Traffic Management Specialist at Defendant's 21st Theater Sustainment Command located in Kaiserslautern, Germany.

36. On November 17, 2015, Defendant informed Mr. Lapotsky that his job offer was rescinded.

37. Defendant rescinded Mr. Lapotsky's job offer because of his race (German) and/or national origin (Germany).

38. Defendant rescinded Mr. Lapotsky's job offer because of a practice or policy against individuals with dual German American citizenship.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests this Court to enter judgment in his favor and award the following relief:

A. Issue an Order declaring that Defendant's actions and omissions violated Plaintiff's rights under Title VII;

B. Award Plaintiff back pay and compensatory damages for his emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in an amount to be determined by the jury;

C. Award Plaintiff reinstatement, or in the alternative, front pay;

D. Award Plaintiff reasonable attorneys' fees and court costs; and

E. Award Plaintiff such other equitable relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for any and all issues of fact.

Date: January 13, 2020

                                        Respectfully submitted,

                                        /s/ Jeremy Greenberg
                                        Jeremy Greenberg (1024226)
                                        Denise M. Clark (420480)
                                        Clark Law Group, PLLC
                                        1100 Connecticut Ave, N.W., Suite 920
                                        Washington, D.C. 20036
                                        (202) 293-0015
                                        jgreenberg@benefitcounsel.com
                                        dmclark@benefitcounsel.com
                                        *Counsel for Plaintiff*