UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD ALEXANDER LAPOTSKY, <br>         Plaintiff, <br><br> v. <br><br> CHRISTINE WORMUTH, SECRETARY, <br> U.S. DEPARTMENT OF THE ARMY,[1] <br><br>         Defendant. | Civ. Action No. 20-0093 (EGS) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Edward A. Lapotsky ("Mr. Lapotsky" or "Plaintiff") brings this lawsuit against Christine Wormuth, Secretary of the U.S. Department of the Army ("the Army" or "the Agency"), alleging race and national origin discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, following the Army's withdrawal of a tentative offer for the position of Traffic Management Specialist. *See generally* Compl., ECF No. 1. Pending before the Court is the Army's Motion to Dismiss, or in the Alternative for Summary Judgment. *See* Mot. to Dismiss, ECF No. 9-1. Mr. Lapotsky opposes the motion and requests discovery pursuant to Federal Rule of Civil Procedure 56(d), attaching to his opposition briefing a Rule 56(d)

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the current Secretary of the U.S. Department of the Army, Christine Wormuth, is substituted as Defendant for the former Secretary of the U.S. Department of the Army, Ryan D. McCarthy. *See* Fed. R. Civ. P. 25(d).

Declaration. *See* Pl.'s Opp'n, ECF No. 13. Upon consideration of the motion, response, reply thereto, and the applicable law, the Court **DENIES** the Motion to Dismiss, or in the Alternative for Summary Judgment, ECF No. 9; and **GRANTS** Mr. Lapotsky's request to take discovery pursuant to Rule 56(d).

## I. Factual and Procedural Background

Mr. Lapotsky was born with dual German American citizenship. Compl., ECF No. 1 ¶ 16. In June 2015, Mr. Lapotsky applied for a position as a Traffic Management Specialist, and in September 2015, he was offered the position. *Id*. ¶¶ 17-18. In October 2015, Mr. Lapotsky formally renounced his German citizenship and the Army requested that he provide documentation that he was no longer a German citizen. *Id*. ¶¶ 19-20. In November 2015, Mr. Lapotsky was informed that the job offer was rescinded. *Id*. ¶ 21. He later learned that the reason the offer was rescinded was because "due to his citizenship status, he was allegedly an 'ordinary resident' of Germany" and thus ineligible for the position pursuant to applicable regulations. *Id*. ¶ 22. Mr. Lapotsky alleges that the determination that he was an "ordinary resident" was based on the incorrect "assumption[] that all individuals with dual German American citizenship automatically [lose] their German citizenship when they join the U.S. military" and accordingly "results in a discriminatory policy against all individuals born with dual German American

2

citizenship." *Id*. ¶¶ 27-28. The Army filed a Motion to Dismiss or in the alternative for Summary Judgment on April 23, 2020, *see* Mot. to Dismiss, ECF No. 9-1. Mr. Lapotsky responded on May 8, 2020, *see* Pl.'s Opp'n, ECF No. 13; to which the Army replied, *see* Def.'s Reply, ECF No. 15. The motion is ripe and ready for adjudication.

**II.   Standards of Review**

**A. Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While detailed factual allegations are not required, a complaint must contain "sufficient factual matter ... to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624 (D.C. Cir. 1997). In so

doing, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

### B. Motions Styled as Motions to Dismiss, Or in the Alternative, for Summary Judgment in Employment Discrimination Cases

Pursuant to Federal Rule of Civil Procedure 56, the movant's burden is to "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, "summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery,'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997)(quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)). "This is largely because, when faced with a motion for summary judgment, the non-movant must point to evidence in support of his opposition, and evidence is typically the province of discovery." *Tyson v. Brennan*, 306 F. Supp. 3d 365 (D.D.C. 2017) (citing *Rochon v. Lynch*, 139 F. Supp. 3d 394, 401 (D.D.C. 2015). "Moreover, where a defendant has moved for summary judgment under Rule 56 as an alternative to dismissal

under Rule 12(b)(6), 'the decision regarding whether or not to treat a motion to dismiss as one for summary judgment is committed to the sound discretion of the trial court[,] which means that this Court need not necessarily accede to [the defendant's] request regarding how its motion should be evaluated.'" *Id.* (quoting *Ross v. U.S. Capitol Police*, 195 F. Supp. 3d 180, 192 (D.D.C. 2016)) (internal quotation marks and citation omitted) (first alteration in original).

### C. Rule 56(d) Request for Discovery

Under Federal Rule of Civil Procedure 56(d), a non-moving party may seek to stay the consideration of summary judgment. A court may defer considering a motion for summary judgment, deny the motion, or allow time for the non-movant to take discovery if that party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The criteria of a Rule 56(d) declaration are that:

> (1) It must outline the particular facts the non-movant intends to discover and describe why those facts are necessary to the litigation, (2) it must explain why the non-movant could not produce the facts in opposition to the motion for summary judgment; and (3) it must show the information is in fact discoverable.

5

*U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 26-27 (D.C. Cir. 2014) (citing *Convertino v. DOJ*, 684 F.3d 93, 99-100 (D.C. Cir. 2012)). A Rule 56(d) request for discovery "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Convertino*, 684 F.3d at 99.

## III. Analysis

### A. Mr. Lapotsky has Sufficiently Pled a Claim of Discrimination

The Army asserts that "[b]ased on the allegations of the Complaint and the evidence in the administrative record, Mr. Lapotsky's failure to hire claim should be dismissed," but presents no arguments supporting its motion to dismiss. Mot. to Dismiss, ECF No. 9-1 at 7. "Under Title VII . . . the two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, national origin, age, or disability." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Here, Mr. Lapotsky alleges an adverse employment action because of his race and national origin. Specifically, he alleges that the offer of employment was rescinded because he is German-American. In support of these allegations, Mr. Lapotsky alleges that the determination that he was an "ordinary resident" was based on the incorrect "assumption[] that all individuals with dual German American

6

citizenship automatically [lose] their German citizenship when they join the U.S. military" and accordingly "results in a discriminatory policy against all individuals born with dual German American citizenship." Compl., ECF No. 1 ¶¶ 27-28. Taking the allegations to be true and making all inferences in Mr. Lapotsky's favor, as the Court must as this juncture, and in view of the lack of any opposition by the Army, the Court concludes that Mr. Lapotsky has stated a claim of discrimination.

Rather than presenting an argument in support of its motion to dismiss, the Army "[a]ssum[es] *arguendo* that the Plaintiff has established a *prima facie* case under the *McDonnell Dougla*s framework," Def.'s Mot, ECF No. 9-1 at 7, 16; and then articulates its legitimate, non-discriminatory reason for not hiring Mr. Lapotsky, specifically that he was ineligible for the position due to his "ordinary resident" status, and argues that it is entitled to summary judgment because Mr. Lapotsky is unable to provide evidence to show that this reason is pretext for discrimination. *Id*. at 16-18. However, the Court of Appeals for the District of Columbia Circuit "has long recognized that a party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before responding to a summary judgment motion . . . ." *Khan v. Parsons Global Services, Ltd*., 428 F.3d 1079, 1087 (D.C. Cir. 2005). Here, however, there has been no

7

discovery. *See generally* Docket for Civil Action No. 20-93. Accordingly, the Court declines to treat the Army's Motion to Dismiss as one for summary judgment and consider the evidence supporting its purported legitimate reason for rescinding the offer of employment.

### B. A Grant of Discovery is Warranted

Mr. Lapotsky argues that since there has been no opportunity to pursue discovery in this action, the Court should deny the Army's request for summary judgment and permit Mr. Lapotsky to litigate his case and engage in discovery. Pl.'s Opp'n, ECF No. 13 at 7. The Agency does not respond to Mr. Lapotsky's discovery argument. *See generally* Def.'s Reply, ECF No. 15. For the reasons explained below, discovery is warranted in this case.

Under Rule 56(d), a court may defer considering a motion for summary judgment, deny the motion, or allow time for the non-movant to take discovery if that party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." A Rule 56(d) declaration must outline the particular facts the non-movant intends to discover and describe why those facts are necessary to the litigation, explain why the non-movant could not produce the facts in opposition to the motion for summary judgment, and

show that the information is in fact discoverable. *Convertino*, 684 F.3d at 99-100.

Here, the Army's motion for summary judgment was filed prior to discovery. *See generally* Docket for Civil Action No. 20-93. Mr. Lapotsky, in responding to the Army's motion, has identified potential discovery needed to respond to the Army's request for summary judgment. *See* Rule 56(d) Declaration, ECF No. 13-2. The Army did not respond to the Rule 56(d) Declaration. *See generally* Def.'s Reply, ECF No. 15. Accordingly, the Court will grant Mr. Lapotsky's request for discovery. As with any litigant, Mr. Lapotsky is entitled to discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1).

### IV. Conclusion and Order

For the foregoing reasons, it is hereby

**ORDERED** that the Army's Motion to Dismiss, or in the Alternative for Summary Judgment, ECF No. 9 is **DENIED**; and it is further

**ORDERED** that Mr. Lapotsky's request to take discovery pursuant to Rule 56(d), *see* ECF No. 13-2, is **GRANTED**.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan
United States District Judge
March 22, 2022**