## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDWARD ALEXANDER LAPOTSKY,**<br><br>Plaintiff,<br><br>**v.**<br><br>**CHRISTINE WORMUTH,**<br>**Secretary of the Army,**<br><br>Defendant. | No. 20-cv-93-MAU |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Edward Alexander Lapotsky's ("Plaintiff" or "Lapotsky")

Motion for Reconsideration of the Court's September 28, 2023 Order granting Defendant's Motion

for Summary Judgment ("Motion") (ECF No. 40).   For the reasons set forth below, Plaintiff's

Motion is denied.

### ANALYSIS

#### I.    Standard of Review

Although Lapotsky styles this as a motion for reconsideration, he actually seeks to alter or

amend the judgment under Federal Rule of Civil Procedure 59(e).  *See* Fed. R. Civ. P. 59(e).  Grant

of a Rule 59(e) motion "is an extraordinary remedy which should be used sparingly."  *Mohammadi*

*v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (internal quotation marks omitted).  A

Rule 59(e) motion "need not be granted unless the district court finds that there is an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice."  *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (internal quotation

marks omitted).  Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or

present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (internal quotation marks omitted).

## II.    Lapotsky's Motion

Lapotsky makes a number of arguments in support of his Motion.  Relying on *Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290 (D.C. Cir. 2015), Lapotsky's principal argument is that the Court should have held that he established pretext because the factual determination underlying the adverse employment action was "egregiously wrong."  ECF No. 40-1 at 3–4.

In *Burley*, the D.C. Circuit generally stated that a plaintiff can establish pretext for discrimination if an employer's purported reasoning for taking an adverse employment action is "egregiously wrong" because it implies that the employer may have had an "unlawful motive" for taking the action.  *Burley*, 801 F.3d at 296.  In that case, the plaintiff had raised substantial questions about the investigation which led to his termination.  *See id.* at 294–96.  The D.C. Circuit affirmed the district court's grant of summary judgment for the employer, even though the court noted discrepancies in the investigation.  *Id.* at 298.  As the Circuit held, without more, there were not sufficient "grounds on which a reasonable jury could conclude that [the investigator] was *so far off base* as to suggest that he acted with a racial motive."  *Id.* (emphasis added).

In this case, Lapotsky has not raised a genuine issue that Defendant's decision was so "egregiously wrong" that it could have been pretext for discrimination.  Instead, Lapotsky's argument centers on a disagreement with the Army's interpretation of certain legal definitions.  Specifically, Lapotsky argues that he could not be an "ordinary resident" of Germany because: (1) an individual cannot be an "ordinary resident" of Germany if he or she is a member of the U.S. "forces" while residing in Germany; and (2) he was a member of the U.S. Army Reserves during the relevant period of his residence in Germany.  *See* ECF No. 40-1 at 4–5, 9–10; *see also* U.S.

Army in Europe Supplement 1 to Army Regul. 690-300.301, ¶ 5-1.1a.  At no point in the Motion, however, does Lapotsky respond to or even acknowledge the Army's explanation of why it does not consider an inactive reservist to be a member of the U.S. "forces" and, therefore, why it determined Lapotsky to be an "ordinary resident."  *See generally* ECF No. 35 at 3–6.  In short, Lapotsky argues that Defendant's determination was "egregiously wrong" without even responding to the specific reasons Defendant provides for its determination.  This argument is insufficient under Rule 59(e).  *See Ciralsky*, 355 F.3d at 671.  As in *Burley*, Lapotsky has not raised a genuine question of whether the decision was "so far off base" that Defendant must have acted with a discriminatory motive.  *Burley*, 801 F.3d at 298.[1]

Next, Lapotsky argues that the Court "made an impermissible credibility determination" about whether Defendant honestly believed its assessment about Lapotsky's "ordinary resident" status.  ECF No. 40-1 at 6.  This argument misses the mark.  Far from making a credibility determination, the Court concluded that, "[e]ven viewing the facts in the light most favorable to Lapotsky, there is no evidence to suggest that Defendant did not honestly believe in its assessment regarding Lapotsky's eligibility."  ECF No. 38 at 8.  The Court did not, as Lapotsky claims, "conclude[] that Defendant's belief about its reasoning . . . was an honest one."  ECF No. 40-1 at

---

[1]     The other cases upon which Lapotsky relies are distinguishable.  *See, e.g.*, *DeJesus v. WP Company LLC*, 841 F.3d 527, 533–34 (D.C. Cir. 2016) (finding employer's decision for taking adverse employment action was so unreasonable that it provoked suspicion of pretext because: (1) an independent arbiter found that the contractual prerequisites for the employer's allegation of insubordination were not met; and (2) employer's immediate response to plaintiff's conduct did not hint at any insubordination); *Jones v. Bernanke*, 557 F. 3d 670, 680–81 (D.C. Cir. 2009) (finding genuine dispute of material fact as to whether employer honestly believed its explanation for the adverse employment action—that employee never completed two work projects—because employee produced evidence that he was never assigned to one of the projects and that he was removed from the other).

6.  Rather, the Court concluded that Plaintiff had failed to meet his burden to raise any genuine issue of material fact on the issue.

Lapotsky also argues that the Court erred in finding that it was not reasonable to infer that Defendant knew Lapotsky's national origin.  ECF No. 40-1 at 7–9.  In support of this argument, Lapotsky identifies an email in which he informed Defendant during the pendency of his application that he was born in Germany.  *Id.* at 8.  Lapotsky did not raise this evidence in his Opposition to Defendant's Motion for Summary Judgment ("Opposition") and has waived it here. *See, e.g.*, *Exxon*, 554 U.S. at 485 n. 5.  Even if he had, however, the Court noted that Lapotsky still failed to raise a genuine dispute of material fact that Defendant discriminated against him.  ECF No. 38 at 8 ("[E]ven assuming there was evidence that the Army knew Lapotsky's national origin, Lapotsky's claim still fails . . . .").

Lapotsky's remaining arguments are without merit and fail to meet the Rule 59(e) standard. As with the email noting that Lapotsky was born in Germany, Lapotsky forfeits any consideration of a "legal opinion from an attorney in Germany that concluded Mr. Lapotsky was not an ordinary resident of Germany" because he did not raise this fact in his Opposition.  ECF No. 40-1 at 10; *see, e.g.*, *Exxon*, 554 U.S. at 485 n. 5.  Lapotsky claims that there is a genuine dispute of material fact as to whether Plaintiff was "discharged" or "released" from active-duty service in September 2013.  ECF No. 40-1 at 10–11.  Defendant, however, made clear that its determination rested not on any distinction between Lapotsky being *discharged* or *released* from active-duty service, but rather on the undisputed fact that Lapotsky *was not on* active-duty service after September 2013. ECF No. 35 at 5; ECF No. 34-1 at 1 ¶2.  Finally, Lapotsky provides no authority to support his argument that his dual German American citizenship "precluded him from being an ordinary

resident in Germany." ECF No. 40-1 at 5 n. 1.  None of Lapotsky's arguments warrant relief under Rule 59(e).

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration, ECF No. 40.

   **SO ORDERED.**


Date: November 8, 2023

                                       _____

                                       MOXILA A. UPADHYAYA
                                       UNITED STATES MAGISTRATE JUDGE